IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MORGAN, | CASE NO. CV-F-04-5744 REC SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| vs. | |
| A.K. SCRIBNER, | [Doc. 11] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on May 20, 2004. Now pending before the Court is Respondent's January 31, 2005, motion to dismiss. Petitioner did not file an opposition.

In the petition, Petitioner alleges that a Rules Violation Report (CDC-115) issued to him in October 2001, for refusing to make a bed move while housed at the California Medical Facility was unjustified. Petitioner was found guilty of refusing a bed move, but was not assessed any loss of time credits. (Exhibit 1 attached to Petition.) Petitioner appealed the disposition claiming that his medical needs precluded him from moving to another cell. Petitioner sought to have the CDC-115 finding "nullified, vacated & expunged" from his central file. (Exhibit 2 attached to Petition.) Petitioner was released from custody on June 26, 2004. (Respondent's Exhibit A, attached to Motion.)

///

///

1

DISCUSSION

Because Petitioner is no longer in custody, the propriety of a guilty finding rendered in a CDC-115 hearing is moot. The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

Because the instant case is moot, the Court must DISMISS the petition.

RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED as MOOT.

These Findings and Recommendation are submitted to the Honorable Robert E. Coyle, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 19, 2005**                             **/s/ Sandra M. Snyder**

1 | icido3                    UNITED STATES MAGISTRATE JUDGE